IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 4:11CR499-1 JCH |
| ) | |
| WARNELL REID,   ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT WARNELL REID'S RESENTENCING MEMORANDUM**

COMES NOW Defendant Warnell Reid, by and through his attorney, and respectfully submits this sentencing memorandum and requests that this Court impose a sentence of 63 months. In support thereof, Defendant states as follows:

**I.    Preliminary Statement**

Warnell Reid ("Reid") successfully appealed his previous sentence in this matter of 188 months, a jail sentence that would have left him incarcerated until the age of approximately 68 years old. Despite the fact that the Eighth Circuit reversed and remanded for resentencing because Reid does not qualify as an Armed Career Criminal, the United States Probation Office again takes the aggressive position that Reid deserves a two level upward adjustment for obstruction of justice "due to his perjury at trial." Doc. 190, pg. 1. This two level upward adjustment raises the recommended sentence from a range of 63-78 months to the recommended 77-96 months. Because this upward adjustment is not warranted, this Court should consider the appropriate Guideline range of 63-78 months. Because a sentence at the low end of this Guideline range would be sufficient but not greater than necessary to achieve the goals of federal sentencing, this Court should impose a sentence not to exceed 63 months.

## II.     Principles of Sentencing

Title 18, United States Code, § 3553(a)(1) directs sentencing courts to consider among other things the "nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a) also requires the courts "to impose a sentence sufficient but not greater than necessary to comply with the purposes" of United States sentencing: (1) retribution, (2) general deterrence, (3) specific deterrence, and (4) rehabilitation. 18 U.S.C. § 3553(a)(2). Courts are also directed by § 3553(a) to take into account the types of sentences available, the United States Sentencing Guidelines ("the Guidelines"), and pertinent policy statements. 18 U.S.C. § 3553(a)(3)-(5). Congress also articulated the goal to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). Finally, the statute charges courts with considering the importance of restitution in the United States criminal system. 18 U.S.C. § 3553(a)(7).

In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court held that the U.S. Guidelines are effectively advisory rather than mandatory. Accordingly, any type of sentence the Court deems just is available, including probation. The Supreme Court has recommended that a specific multi-step process be followed in imposing sentence. First, "a court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Thereafter,

> [a]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the [court] should then consider all the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the court] may not presume that the Guidelines range is reasonable.

*Id*. at 49-50. As such, federal courts enjoy broad discretion in fashioning sentences based on the unique attributes of the individuals who come before them. *Koon v. United States*, 518 U.S. 81, 113 (1996) ("the sentencing judge . . . [shall] consider every convicted person as an individual

2

and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue"); *Pepper v. United States*, -- U.S. --, 131 S.Ct. 1229, 1240 (2011) ("punishment should fit the offender and not merely the crime").

Here, the §3553(a) factors are consistent with a sentence at the low end of the guideline range. As such, Reid respectfully requests a sentence not to exceed 63 months.

III.   **Imposing an Upward Adjustment of Two Levels for Obstruction of Justice Would be Error, and Reid Specifically Objects.**

Imposing a two-level upward adjustment for obstruction of justice would be erroneous in this matter and would prejudice Reid by raising the recommended Guideline range from a range of 63-78 months to the 77-96 month range urged by the Probation Office. Reid previously objected to the characterization of his trial testimony as perjury meriting a two-level upward adjustment. Doc. 191-1, pg. 21. Reid reiterates this objection.

Characterization of a defendant's trial testimony as perjury when defending himself against the great machinery of the government should be done with severe hesitation. This is particularly true where, as here, Reid took the stand despite the fact this allowed the government to introduce evidence surrounding his prior offenses. In Reid's case, this decision to testify deprived him of his prior stipulations and allowed testimony as to prior gun crimes—creating the substantial likelihood the jury took these into account in their decision to convict Reid of being a felon in possession of the firearms located at 712 Thrush. Yet, this Court is asked to find Reid committed perjury in his own vigorous defense without so much as a hearing on this subject.

"The obstruction of justice adjustment should not be imposed 'based on the defendant's testimony if a reasonable trier of fact could find the testimony true.'" *United States v. Yankton*, 986 F.2d 1225, 1228 (8th Cir. 1993), quoting U.S.S.G. § 3C1.1 comment n.1. "[T]he adjustment 'cannot be given simply because a defendant testified in his own behalf and the jury disbelieves

him.'" *Id.* "The district court itself must find that the defendant committed perjury before making the upward adjustment." *Id.*

In *Yankton*, the court distinguished from *United States v. Lange*, 918 F.2d 707 (8th Cir. 1990), where the defendant admitted false statements to receive a light sentence. *Yankton* cited the district judge in proceedings below:

> I have no problem in finding that there was no perjury in the sense that there was a making of a case for perjury. In my mind there was a disagreement of facts that was presented to the jury for the jury to make a decision on and they did and they chose to believe the facts, if there is a dispute, they chose to believe the facts recited by the victim.

*Id.* at 1229.

Here, an upward adjustment of two levels for obstruction of justice for Reid's trial testimony would run directly counter to Eighth Circuit precedent. Reid took the stand in his own defense against the advice of counsel and thereby waived significant evidentiary aids surrounding his prior convictions, some of which were gun crimes. That the jury may have disbelieved Reid is no basis to conclude he committed perjury, and it would be error under Eighth Circuit precedent for the Court to do so.

Moreover, this case involved a conviction for constructive possession of firearms. Itself a nebulous concept, the jury chose to believe Reid was in constructive possession of the firearms at issue despite the fact several other convicted felons were present at the home where the firearms were located. Reid's position, in fact, was that the firearms belonged to another felon present at the scene. Here, it is entirely possible the jury actually believed Reid's testimony that the firearms belonged to another felon yet still concluded the firearms were in his constructive possession. In this sense, a conclusion that Reid committed perjury is particularly troubling and unsupported by the evidence.

4

Reid put himself at significant risk in taking the stand to tell his story as to the firearms in this case. Imposing a penalty for having committed perjury when the jury may well have convicted him despite believing his testimony is contrary to Eighth Circuit law and would be an unwise policy consideration, as it could contribute to cow defendants into silence even where they believe their credible, truthful evidence could result in such an upward adjustment.

Leaving aside the fact that the jury may well have believed Reid yet convicted him, in imposing an adjustment for obstruction of justice, the Court must also consider that it is the government's obligation to prove such a finding by a preponderance of the evidence. Moreover, "suspect testimony should be viewed in the light most favorable to defendant." *United States v. Sergio*, 734 F.Supp. 842, 846 (1990), citing quoting U.S.S.G. § 3C1.1 comment n.2. In *Sergio*, the court held it "simply cannot find . . . that the government has proven by a preponderance of the evidence that Mr. Sergio willfully attempted to impede or obstruct justice by presenting [false] testimony." *Id.*

Here, the preponderance of the evidence does not support imposing this adjustment, particularly where Reid's conviction was for constructive possession only, and imposing this adjustment would be error.

IV.  **A Sentence Not to Exceed Sixty Three Months Would Be Sufficient but not Greater than Necessary to Achieve the Purposes of United States Sentencing.**

Section 3553(a)(2) enumerates the purposes of sentencing to be achieved by imposing "a sentence sufficient but not greater than necessary": (1) retribution, (2) general deterrence, (3) specific deterrence, and (4) rehabilitation.

Reid has been incarcerated without incident since approximately November 17, 2011. He has undergone rehabilitation in his short stint in prison. Most notably, Reid has earned his General Educational Development ("GED") diploma from the State of Missouri. This is a

5

notable achievement for a fifty three year old man, and it reflects sincerity on Reid's part to reform his life upon his release. This demonstrated rehabilitation merits strong consideration from this Court as it fashions a sentence for Reid sufficient but not greater than necessary to achieve the goals of federal sentencing.

Specific and general deterrence are also achieved by a sentence at the low end of the Guideline range, 63 months. Reid will be over fifty five years old upon his release. Incarceration for approximately half of his fifties has already achieved the specific deterrence, and it also serves as a cautionary tale for anyone considering similar conduct.

Retribution has also been achieved, both by the imposition of a significant prison sentence and by forcing Reid to endure the belief his prison sentence would have in fact been much longer had it not been reversed by the Eighth Circuit. There were no particularly aggravating factors underlying Reid's prosecution for constructive possession.

Reid respectfully submits that a sentence not to exceed sixty three months would be sufficient but not greater than necessary to achieve the goals of United States sentencing.

**V.     Conclusion**

Reid is aware this case represents a significant failure on his part, but he has undergone rehabilitation while incarcerated that has prepared him for reform upon release, and he respectfully submits that the other purposes of United States sentencing would also be achieved in this matter by a sentence at the low end of the correct Guideline range.

Reid respectfully submits that a sentence not to exceed sixty three months would be a sentence sufficient but not greater than necessary to achieve the purposes of United States sentencing, and he respectfully requests that the Court take the foregoing into account in fashioning such a sentence.

WHEREFORE, for the foregoing reasons Defendant Warnell Reid, by and through his counsel, respectfully requests that this Court impose a sentence not to exceed sixty three months.

          Respectfully submitted,

          HUSCH BLACKWELL LLP

          *s/ Matthew P. Diehr*
          Matthew T. Schelp, #45724MO
          Matthew P. Diehr, #61999MO
          190 Carondelet Plaza, Suite 600
          St. Louis, MO 63105
          Telephone: (314) 480-1500
          Facsimile:  (314) 480-1505
          E-Mail:   matthew.schelp@huschblackwell.com
                    matthew.diehr@huschblackwell.com
          *Attorneys for Defendant Warnell Reid*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record. I further certify that a copy was sent via U.S. Mail on this date to:

Warnell Reid/39087-044
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

          *s/Matthew P. Diehr*
          MATTHEW P. DIEHR, #61999MO